UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

NO. 24-2084

_____

HEATHER NICOLE DURHAM,
on behalf of herself and others similarly situated,

       Plaintiff – Appellee,

v.

CITY OF CHARLOTTE,

       Defendant – Appellant.

_____

**PLAINTIFF'S MOTION TO DISMISS APPEAL**
_____

NOW COMES Plaintiff-Appellee Heather Nicole Durham, on behalf of herself and others similarly situated, and pursuant to F.R.A.P. Rule 27 and LR 27(f)(2), moves for dismissal of the appeal by Defendant-Appellant City of Charlotte from the interlocutory Order denying Defendant's motion for summary judgment entered September 24, 2024 (ECF 60) by U.S. District Judge Robert J. Conrad, Jr. A copy of the Order is attached hereto as **Exhibit A**. As discussed below, the appeal should be dismissed because is not from a

final judgment on the merits and is not an appealable interlocutory or collateral order.

## Procedural History

Plaintiff filed this action on November 30, 2021, seeking injunctive and declaratory relief and statutory damages under the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, *et seq.*, ("DPPA"), on behalf of herself and a proposed class of similarly situated persons whose personal information was harvested from Defendant and used for marketing purposes during the Class Period. (ECF 1¶ 111). One of the purchasers of the DPPA personal information published by Defendant was James S. Farrin, P.C., d/b/a the Law Offices of James Scott Farrin ("Farrin"). *Id.* ¶ 7; ECF 32-10 ¶ 5. Farrin harvested personal information from Defendant's accident reports, placed that information into internal spreadsheets ("Farrin Spreadsheets"), and used those spreadsheets to address direct-mail advertising to accident victims. ECF 32-10; ECF 32-13.

On March 8, 2022, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6) for lack of standing and failure to state a claim. (ECF 7). By Order entered October 13, 2022, the district court, per the Honorable Robert J. Conrad, Jr., dismissed the Plaintiff's claims for injunctive and declaratory relief but otherwise denied the motion to dismiss. (ECF 17).

After briefing and argument, Judge Conrad, on September 24, 2024, entered an Order (ECF 60, hereinafter, the "Order") denying Defendant's motion for summary judgment, granting Plaintiff's motion for class certification, and granting Plaintiff's motion for summary judgment. The class certified by the district court consists of all persons (1) who were listed as North Carolina-licensed drivers on DMV-349s completed by CMPD officers within the seven-month Class Period between November 30, 2017 through June 30, 2018; (2) whose name appears on a Farrin Spreadsheet; and (3) with respect to whom the Same Address Box for the person is checked "Yes" on the DMV-349. Also certified is a subclass consisting of all members of the Class whose personal information was auto-populated onto a DMV-349. (ECF 60 at 34).

On October 8, 2024, Defendant filed with this Court a Petition for Permission to Appeal the aspect of the Order certifying the action as a class action on an interlocutory basis, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. (No. 24-235 Doc. 2). After briefing, this Court denied the Defendant's petition on November 4, 2024. (*Id.* Doc. 17).

Defendant, on October 24, 2024, filed the underlying Notice of Appeal seeking review of "the Order entered September 24, 2024 [DE 60] . . . which denied Defendant's motion for summary judgment. (ECF 62).

## DISCUSSION

As Defendant acknowledges, after the district court denied Defendant's motion for summary judgment and granted Plaintiff's motion for class certification and for summary judgment (ECF 60), "[t]he only open question is Durham's class size." (No. 24-235 Doc. 2 p. 9). Once the identities of the class members are ascertained and notices mailed, *inter alia*, advising them of the right to opt out, a final, appealable judgment will be entered. Defendant nevertheless once again asks this Court instead to engage in piecemeal review—an interlocutory appeal of the Order's denial of Defendant's motion for summary judgment—which if unsuccessful will inevitably be followed by an appeal of class certification and/or summary judgment in favor of Plaintiff. Such a process would be inefficient, wasteful, and would result in long delays.

Because the Defendant's appeal is interlocutory, it is not appealable to this Court, *see* 28 U.S.C. § 158(d), unless certified by the district court, *see* 28 U.S.C. § 1292(b); Fed. R. Civ. P. 54(b), or falling within some exception, such as the collateral order doctrine, *see, e.g., Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949), or the provisions of 28 U.S.C. § 1292(a). "This final judgment rule requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *Flanagan v. United States*, 465 U.S. 259, 263 (1984). Defendant's

appeal has not been so certified, and no such exception is applicable here. Nor does the "cumulative finality doctrine" apply here. *See Houck v. LifeStore Bank*, 41 F.4th 266, 271 (4th Cir. 2022) (recognizing that the cumulative finality doctrine allows this court "to consider an otherwise premature appeal," but only if "(1) all joint claims or all multiple parties are dismissed prior to the consideration of the appeal; and (2) the appellant appeals from an order that the district court could have certified for immediate appeal under Rule 54(b)" (cleaned up)), *cert. denied*, No. 144 S. Ct. 104 (2023).

WHEREFORE, Plaintiff-Appellee respectfully requests that this Court dismiss the Defendant's appeal of the district court's Order so that the action may proceed to final Judgment.

Respectfully submitted, this the 19th day of December, 2024.

/s/ John F. Bloss
N.C. State Bar No. 23947
jbloss@greensborolaw.com
Frederick L. Berry
N.C. State Bar No. 9696
fberry@greensborolaw.com
HIGGINS BENJAMIN, PLLC
301 North Elm Street, Suite 800
Greensboro, North Carolina 27401
Telephone:(336) 273-1600

/s/ J. David Stradley
N.C. State Bar No. 22340
stradley@whiteandstradley.com
WHITE & STRADLEY, PLLC
3105 Charles B. Root Wynd
Raleigh, North Carolina 27612
Telephone: (919) 844-0400

Andrew H. Brown
N.C. Bar No. 28450
BROWN, FAUCHER, PERALDO &
BENSON, PLLC
822 N. Elm Street, Suite 200
Greensboro, NC 27401
(336) 478-6000
drew@greensborolawcenter.com

*Attorneys for Plaintiff/Appellee*

## CERTIFICATE OF COMPLIANCE

The foregoing complies with the type-volume limitation of Federal Rule of Appellate Procedure Rule 27(d)(2) because it contains 861 words, excluding those parts of the motion exempted by Federal Rule of Appellate Procedure Rule 32(f). This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it has been prepared in proportionately spaced typeface using Century 13-point font.

This the 19th day of December, 2024.

HIGGINS BENJAMIN, PLLC  /s/ John F. Bloss
301 North Elm Street, Ste. 800   (NC Bar #23947)
Greensboro, NC  27401
Telephone: 336-273-1600
Facsimile:  336-274-4650
fberry@greensborolaw.com
jbloss@greensborolaw.com

*Attorney for Plaintiff/Appellee*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 19th day of December, 2024, I caused this motion to dismiss appeal to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Patrick H. Flanagan, Esq.
Stephanie H. Webster, Esq.
Steven A. Bader, Esq.

*Counsel for Petitioner*

This the 19th day of December, 2024.

                                                        /s/ John F. Bloss
                                                       *Counsel for Plaintiff/Appellee*