No. 24-2084

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

HEATHER NICOLE DURHAM,
on behalf of herself and others similarly situated,
*Plaintiff-Appellee*,

v.

CITY OF CHARLOTTE, a North Carolina municipal corporation,
*Defendant-Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**DEFENDANT'S RESPONSE TO MOTION TO DISMISS APPEAL**

This Court should review the district court's summary judgment order because the only issue unresolved after that ruling is the damages to be awarded against the City of Charlotte, which will be calculated by a ministerial function as opposed to a substantive proceeding. This Court endorsed immediate review in such circumstances in *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 651 n.1 (4th Cir. 2019).

As such, this Court should deny Heather Durham's motion to dismiss and review the district court's order on the parties' cross-motions for summary judgment.

## Statement of the Case

Durham, for herself and a purported class, sued Charlotte for an alleged violation of the Drivers Privacy Protection Act ("DPPA"). In sum, Durham alleges that a plaintiff's personal injury firm obtained her name and address from an accident report form known as a DMV-349, and that the firm used that information to send her unsolicited marketing materials. (DE 1, JA11-46)

The district court ruled that Durham's evidence showed a DPPA violation as a matter of law. (DE 60, p. 43, JA1018) In turn, it denied Charlotte's motion for summary judgment, certified Durham's class, and then entered summary judgment against Charlotte. (Id.) The district court certified Durham's class as:

> Those (1) who were listed as North Carolina-licensed drivers on DMV-349s completed by CMPD officers within the Class Period [November 30, 2017–June 30, 2018]; (2) whose name appears on a Farrin Spreadsheet; and (3) the Same Address Box for the person is checked "Yes" on the DMV-349.

(DE 60, p. 34, JA1009)

2

The district court's summary judgment order specifies that Durham and her class "seeks only liquidated statutory damages," and that "[b]ecause [Durham] has shown a violation of the DPPA as a matter of law, she and those similarly situated, are entitled to statutory damage." (DE 60, p. 43, JA1018) By statute, a plaintiff can recover $2,500 in liquidated damages for a DPPA violation. 18 U.S.C. § 2724(b)(1).

As a result, damages will be determined by the spreadsheet and any opt-out responses. Those outcomes are ministerial in nature.

## **Argument**

Orders that decide liability, but leave damages unresolved, are not final dispositions under 28 U.S.C. § 1291. Still, such orders can be immediately appealed if the damages question will be determined by a ministerial process as opposed to a substantive proceeding. *Conway v. Tacoma Park Volunteer Fire Dep't, Inc.,* 838 F.2d 465 (4th Cir. 1988) (citing *Parks v. Pavkovic,* 753 F.2d 1397, 1401-02 (7th Cir. 195)). When the damages determination is ministerial, then its outcome will not alter or moot the issues raised on appeal. As such, there is no reason to delay the appeal. *Parks*, 753 F.2d at 1401-02 (collecting cases).

3

Summary judgment orders that decide a defendant is liable to a class are apt for immediate review under this exception to the general rule. In *Parks*, for instance, the district court ruled that the defendant state agency was liable for reimbursement to class members who received services through state-supported institutions. 753 F.2d at 1400-01. The United States Court of Appeals for the Seventh Circuit held that this order was subject to immediate review, even though it did not decide damages. *Id.* at 1402. After the court decided liability, all the district court needed to do to decide damages was review class members' reimbursement receipts. *Id.* The Seventh Circuit found this function to be ministerial and not substantive. *Id.*

"Although computing the money owed each class member is not automatic," the court noted, "it is mechanical, is unlikely to engender dispute or controversy, and will require no analytic or judgmental determinations that might affect the questions now before us or give rise to other appealable questions …." *Parks*, 753 F.3d at 1402. For that reason, the court concluded "that the order directing the state to reimburse (in an as yet undetermined amount) the parents of the class members is properly before us." *Id. See also Krakauer*, 925 F.3d at 651

4

n.1 (citing *Parks* and endorsing review of class action determinations on liability when the unresolved damages award can be resolved through a ministerial process).

***

Durham's damages will be decided by a ministerial process, not through a substantive presentation. All Durham must do is identify her class members. The district court has defined this class as drivers whose name appears on a Farrin Spreadsheet with "Same Address Box" checked "Yes" on their DMV-349. (DE 60, p. 43, JA1016, 1018) Each class member who does not opt out is entitled to $2,500.

This computation is mechanical. It simply requires the district court to review the spreadsheet and the DMV-349s. There is nothing substantive for the district court to decide. This process is also unlikely to cause dispute or controversy. If the name is on the spreadsheet and the box is checked, then the district court makes the award unless the individual has opted out. This process will not require the district court to revisit its ruling that Charlotte violated the DPPA. *See e.g., Parks*, 753 F.3d at 1402. In turn, there is no reason to delay the appeal, and this Court should review the district court's summary judgment order now.

5

**Conclusion**

For these reasons, this Court should deny Durham's motion to dismiss Charlotte's appeal.

This the 30th day of December 2024.

                        CRANFILL SUMNER LLP

                        /s/ Steven A. Bader
                        Steven A. Bader
                        N.C. State Bar No. 55931
                        Email: sbader@cshlaw.com
                        Post Office Box 27808
                        Raleigh, NC  27611
                        Telephone: (919) 828-5100

                        Patrick H. Flanagan
                        N.C. State Bar No. 17407
                        Email:  phf@cshlaw.com
                        Stephanie H. Webster
                        N.C. State Bar No. 12164
                        Email: swebster@cshlaw.com
                        Post Office Box 30787
                        Charlotte, NC  28230
                        Telephone: (704) 332-8300
                        *Attorneys for Defendant-Appellant*
                           *City of Charlotte*

# CERTIFICATE OF COMPLIANCE

1.  This document complies with type-volume limits because excluding the parts of the document exempted by Fed. R. App. P. 32(f): (cover page, disclosure statement, table of contents, table of citations, signature block, certificates of counsel, appendix, attachments):

    this document contains <u>879</u> words.

2.  This document complies with the typeface requirements because: it has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14-point Century Schoolbook.</u>

Dated: December 30, 2024

>       BY: <u>/s/ Steven A. Bader</u>
>       STEVEN A. BADER
>       *Attorney for Defendant-Appellant*
>         *City of Charlotte*

# CERTIFICATE OF FILING AND SERVICE

I certify that on this 30th day of December, 2024, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

| | |
|---|---|
| J. David Stradley<br>Ann C. Ochner<br>White & Stradley, PLLC<br>3105 Charles B. Root Wynd<br>Raleigh, NC 27612<br>stradley@whiteandstradley.com<br>ann@whiteandstradley.com<br>*Attorneys for Plaintiff Durham* | John F. Bloss<br>Frederick L. Berry<br>Higgins Benjamin, PLLC<br>301 North Elm Street, Suite 800<br>Greensboro, NC 27401<br>jbloss@greensborolaw.com<br>fberry@greensborolaw.com<br>*Attorneys for Plaintiff Durham* |
| Andrew H. Brown<br>Brown, Faucher, Peraldo & Benson, PLLC<br>822 North Elm Street, Suite 200<br>Greensboro, NC 27401<br>drew@greensborolawcenter.com<br>*Attorneys for Plaintiff Durham* | |

<u>/s/ Steven A. Bader</u>
Steven A. Bader
N.C. State Bar No. 55931
Email: sbader@cshlaw.com
Cranfill Sumner LLP
Post Office Box 27808
Raleigh, NC 27611
Telephone: (919) 828-5100

8